# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TAWANA JOHNSON, § | |
| § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:24-cv-519 |
| § | Judge Mazzant |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Wal-Mart's Motion for Summary Judgment (Dkt. #25). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This is a personal injury case arising from a slip and fall. On October 24, 2023, Plaintiff Tawana Johnson ("Johnson") was shopping at Defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") location in Hickory Creek, Texas (Dkt. #25 at p. 2). As she was shopping, Johnson slipped on a puddle of water and sustained injuries (Dkt. #30 at ¶ 18). After her tumble, Wal-Mart used absorbent pads to soak up the water and placed two white buckets beneath the dripping roof to collect the rainwater seeping into the building (Dkt. #30 at ¶ 19; Dkt. #30-3). Due to the fall, Johnson injured her shoulders, right wrist, and right knee (*See, e.g.*, Dkt. #30-7).

On April 30, 2024, Johnson sued Wal-Mart in state court, asserting the following claims: negligence, premises liability, *res ipsa loquitur*, and gross negligence (Dkt. #30 at ¶ 6). Wal-Mart

removed the suit on June 7, 2024 (Dkt. #1).[1] On December 27, 2024, Wal-Mart filed this Motion (Dkt. #25), and Johnson filed her Response on January 9, 2025 (Dkt. #27). Then, on January 17, 2025, Wal-Mart filed its Reply (Dkt. #34).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or

---

[1] Though not contested, the Court has an independent obligation to assure that subject matter jurisdiction exists. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Here, it does.

Subject matter jurisdiction exists under 28 U.S.C. § 1332(a) when there is complete diversity of citizenship and the amount in controversy requirement is satisfied. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Plaintiff is a citizen of Texas (Dkt. #5 at p. 1) ("Plaintiff . . . is a resident of Denton, Texas). *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985) (an individual is considered a citizen of the state where she is domiciled). Wal-Mart Stores Texas, LLC is a citizen of each state where its members or managers are citizens. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, that is Delaware and Arkansas (Dkt. #1 at pp. 2–3). Walmart, Inc. is a citizen of every state in which it is incorporated and of the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, that too is Delaware and Arkansas (Dkt. #1 at pp. 2–3). Thus, there is complete diversity of citizenship. The amount in controversy requirement is also satisfied because Plaintiff's Original Petition specifies in good faith a dollar amount of damages in excess of $75,000 (Dkt. #1-3 at p. 1). That amount controls. *See Guijarro v. Enter Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) ("If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith."). Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. Plaintiff's General Negligence Claim

Wal-Mart is entitled to summary judgment on Johnson's general negligence claim. "Under Texas law, a person injured on another's property may have either a negligence claim or a

premises-liability claim against the property owner, but not both." *Barron v. United States*, 111 F.4th 667, 671 (5th Cir. 2024) (citation modified). Determining "[w]hether a person injured on another's property has a general negligence claim or a premises liability claim depends on the factual circumstances of the case." *Id*. "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id*. at 671–72 (citation modified). As the Fifth Circuit put it, "the general negligence theory of recovery is available when an injury results from a malfeasance theory based on affirmative, contemporaneous conduct." *Id*. at 672 (citation modified). However, "premises liability claims are available when the alleged injury concerns a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id*. (citation modified). Here, Johnson's Complaint is somewhat unclear as to what claim she is asserting because of her section titled "Negligence/Premise Liability" (Dkt. #5 at p. 3). Wal-Mart argues that Johnson's claims sound exclusively in premises liability and urges the Court to dismiss her general negligence claim (Dkt. #25 at pp. 3–5). In fact, Johnson agrees and states she did not plead a general negligence claim (Dkt. #30 at pp. 9–10). To the extent that Johnson ever pleaded a general negligence claim, the Court finds that she has now abandoned it (*See* Dkt. #30 at pp. 9–10). Thus, Wal-Mart is entitled to summary judgment on Johnson's general negligence claim; therefore, it is **DISMISSED with prejudice**.

## II.     Johnson's Remaining Claims

After careful review of the record and arguments, the Court concludes that Wal-Mart has not met its burden of proving that there is no material issue of fact entitling it to judgment as a matter of law. Thus, Wal-Mart's Motion is **DENIED** as to Johnson's remaining claims.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #25) is hereby **GRANTED in part** and **DENIED in part**.

Johnson's general negligence claim is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

SIGNED this 1st day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE